ISHEE, J.,
dissenting:
¶ 36. I respectfully dissent from the majority’s opinion. I find the chancery court erred in its interpretation of the divorce judgment’s provision concerning what college expenses were to be paid by the parties. Accordingly, I further find the chancery court’s judgment of contempt and corresponding award of attorney’s fees to Charles based on Theresa’s contempt violation was improper. Lastly, I find the record is unclear regarding the award of attorney’s fees to Charles based on Theresa’s discovery violations.
¶ 37. When the divorce judgment was entered, Lindsey was in the tenth grade, and it is clear from the record the special master heard no evidence as to where Lindsey would go or what field of study she would pursue. The special master simply found:
[Charles makes] approximately $61,650 a year gross[,] and [Teresa] makes $19,814.40 gross. That’s a difference of about one-third to two-thirds. So accordingly, [for] college, [Teresa] will be responsible for one-third of the cost, and [Charles] will be responsible for two-thirds of the cost, after all grants and scholarships have been exhausted.
¶ 38. Paragraph nine of the original divorce judgment states: “All costs are to be based on the average costs of meals, tuition, books[,] and room, published in a state[-]supported school catalog and not to exceed the cost of a four[-]year state[-]supported institution.” Thus, that provision limits Teresa’s responsibility for Lindsey’s college education to the costs associated with the items specified therein, those being tuition, books, meals, and boarding. The costs .associated with Delta State’s flight training courses are not covered by Delta State’s tuition and exceed the actual amount of tuition considerably. Accordingly, I find that under the terms of the original divorce judgment, Teresa was not legally obligated to pay these costs. I also find Teresa was not required to share in the costs for Lindsey’s private-flying lessons, as there is no express requirement in the judgment that she do so. I would, therefore, reverse and remand on this issue with instructions that the chancellor conduct an analysis under the guidelines set forth by Mississippi Code Annotated section 43-19-101(1) (Rev. 2009), taking *1154 into account the examples provided in sub-part (3)(a) of the section, to determine the proper support amount Theresa should be required to contribute toward Lindsey’s college education.
If 39. Because I find Teresa was not legally obligated to pay the costs associated with any of Lindsey’s flight training, I submit that she cannot be held in contempt of court for her failure to pay such costs. I recognize Teresa might technically have been in contempt by remitting payments on the undisputed amounts in the manner she did, rather than paying the full amount when it was due. The record, however, indicates this was the practice of both parties. This was argued to the chancery court at the hearing on Teresa’s motion for a new trial, and the court suggested the matter be taken up on appeal. I would, therefore, reverse and render the chancery court’s finding of contempt and corresponding award of attorney’s fees to Charles.
¶ 40. Finally, on the issue of attorney’s fees awarded to Charles for Theresa’s discovery violation, I find the record is unclear as to why Charles’s motion was granted and Theresa’s motion was denied. Accordingly, I would remand this issue to the chancery court for further analysis by the chancellor.
LEE, C.J., AND IRVING, P.J., JOIN THIS OPINION.